IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEILA THOMAS,<br><br>      Plaintiff,<br><br>vs.<br><br>CHILDREN'S HOSPITAL OMAHA, CATHERINE SHAFFER, LORI BONWELL, and ALEXIS AKIN-OTIKO, in their individual and official capacities,<br><br>      Defendants. | NO. 8:23-CV-177<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Keila Thomas has sued her former employer, defendant Children's Hospital Omaha, as well as several persons in their official and individual capacities, for "violation of civil rights in the workplace based on sex (pregnancy) [and] wrongful termination" under 42 U.S.C. § 1983. Filing 1. Before the Court are Defendants' Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), Filing 4, and Plaintiff's Motion to Amend Complaint, Filing 11. For the reasons stated here, the Court grants Plaintiff's Motion to Amend and denies Defendant's Motion to Dismiss without prejudice to reassertion after Plaintiff files an Amended Complaint as directed below.

1

## I. INTRODUCTION

### A. Factual Background

*1. Facts Alleged in the Complaint*

Plaintiff alleges she was employed at Children's Hospital Omaha from May 2022 until June 9, 2022. Filing 1 at 4. Regarding the facts underlying her claim, Plaintiff alleges the following in her Complaint:

> On June 9, 2022 at approximately 2:10 PM I was wrongfully terminated by Catherine Shaffer, Lori Bonwell and Alexis Akin-Otiko. Alexis and Catherine had been harassing me and discriminating against me after notifying them that I was actively trying to conceive. They kept trying to require me to work with hazardous and teratogenic medications and refused to accommodate me. I notified Lori about this via email and she never responded. On June 9, 2022 @ 2:10 PM Lori, Catherine and Alexis retaliated against me by terminating me immediately. I was pregnant when I was terminated.

Filing 1 at 4.

*2. Facts Alleged in Plaintiff's Motion to Amend*

In her Motion to Amend, Filing 11, Plaintiff sought "to clarify and provide more specific details for some of the claims already asserted in [her] original complaint . . . to enable both parties and the court to better understand the nature of [her] claims and the basis for [her allegations]." Filing 11 at 2. In this Motion, Plaintiff alleges that Defendants "were notified that [Plaintiff] was actively trying to conceive"; that Plaintiff "requested reasonable accommodations to prevent my possible unborn fetus from being exposed to hazardous, teratogenic, chemotherapy medications"; and that Defendants "refused to provide reasonable accommodations." Filing 11 at 2. Regarding her termination, Plaintiff alleges that when she "was approximately 4 weeks pregnant," Defendants "wrongfully terminated [Plaintiff] for being 'upset with [Defendants'] policies and disagreeing on how the organization (Children's Hospital) is run.'" Filing 11 at 3. Plaintiff also alleges that

2

Defendants "continued to retaliate against [Plaintiff] after [the] wrongful termination by denying [her] unemployment." Filing 11 at 3. Plaintiff further alleges that, at an unemployment hearing, a judge "granted [Plaintiff] unemployment after several months of no income," stating that Defendants "failed to prove misconduct and had no grounds to terminate [Plaintiff]," rejecting Defendants' asserted grounds for termination—"significant misconduct." Filing 11 at 3. Plaintiff also asserts that she had considerable difficulties with her pregnancy, childbirth, and newborn's health due to "stress caused during and after [Plaintiff's] termination." Filing 11 at 13.

### B. Procedural Background

Plaintiff filed her original Complaint with the Court on May 5, 2023. Filing 1. Plaintiff's original Complaint alleged a "violation of civil rights in the workplace based on sex (pregnancy) [and] wrongful termination." Filing 1 at 3. In the Relief section of her Complaint, Plaintiffs asked for "$188,308.00 total plus punitive damages." Filing 1 at 4. On August 25, 2023, Defendants filed a motion to dismiss, contending that "Plaintiff has not pleaded, and cannot plausibly plead, facts to show that any of the Defendants were state actors, as required for the Complaint's one claim under 42 U.S.C. § 1983." Filing 4. On September 29, 2023, Plaintiff filed a Motion to Amend. Filing 11. In her Motion to Amend, Plaintiff proposed to amend her Complaint by establishing the Court's jurisdiction under 28 U.S.C. § 1332 and by alleging a cause of action under Title VII, 42 U.S.C. §§ 2000e, *et. seq.*, for sex discrimination and pregnancy discrimination due to her termination with Children's Hospital Omaha.

## II. ANALYSIS

### A. Applicable Standards

*1. Motion to Amend Pleadings Standards*

Federal Rule of Civil Procedure 15(a)(1) provides for amendment as of right: "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Federal Rule of Civil Procedure 15(a)(2) provides for amendments not as of right: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[A] court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). In addition, a district court may deny a motion to amend where granting the motion would be "futile" due to the amended complaint "still fail[ing] to allege sufficient facts to support" a claim for relief. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 591 (8th Cir. 2018). Moreover, "[a] district court rarely abuses its discretion in denying a motion to amend for failure to comply with [ ] a local rule." *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068 (8th Cir. 2004) (citation omitted).

One district court in this Circuit has held that "leave to amend was appropriate under Rule 15(a)(2) (i.e., 'when justice so requires') given Plaintiff's pro se status[.]" *Meyer v. Haeg*, No. 15-2564, 2016 WL 29257, at *1 (D. Minn. Jan. 4, 2016). Another district court in this circuit suggested that "justice so requires" granting leave to amend minor defects in a *pro se* complaint. *See Kimbrough v. Woodbury Cnty. Jail*, No. 13-3002, 2014 WL 941674, at *5 (N.D. Iowa Mar. 11,

4

2014)( "Given the fact that *pro se* complaints are to be liberally construed, no matter how inartfully they are pleaded, and the fact that Federal Rule of Civil Procedure 15(a)(2) allows a court to grant leave to amend complaints when justice so requires, I note that dismissal merely on the basis of failing to designate an entity or person that is subject to suit would not be appropriate.")

Various Circuit Courts of Appeals have similarly determined that the liberal pleading standards afforded to *pro se* litigants extends to motions to amend under Rule 15(a)(2). *See DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 435 (11th Cir. 2019) (citing *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018)) ("[G]rant[ing] a plaintiff leave to amend 'when justice so requires,' [ ] is particularly important when the plaintiff is pro se."); *Dees v. Vendel*, 996 F.2d 310 (10th Cir. 1993) (citing *Roman–Nose v. New Mexico Dept. of Human Services*, 967 F.2d 435, 438 (10th Cir. 1992) ("[A] *pro se* plaintiff who fails to allege sufficient facts is to be given a reasonable opportunity to amend his complaint if justice so requires."); *Edwards v. Black*, 854 F. App'x 382, 386 (2d Cir. 2021) (citing *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015)) ("Leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a), and district courts should grant pro se plaintiffs leave to amend a complaint at least once, "when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

    2. *Motion to Dismiss Standards*

        a. Generally

The typical grounds for Rule 12(b)(6) motions are the insufficiency of the factual allegations offered to state claims. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "'threadbare recitals of the elements of a cause of action' cannot survive a [Rule 12(b)(6)] motion to dismiss." *Du Bois v. Bd. of Regents of Univ. of Minnesota*, 987 F.3d 1199,

1205 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, as the Eighth Circuit Court of Appeals has explained, "A claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). To put it another way, a court "must determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. WalMart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). Thus, "[a] claim is plausible when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). In contrast, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Id.* (internal quotation marks and citations omitted). The Eighth Circuit Court of Appeals has cautioned that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.

In ruling on a Rule 12(b)(6) motion, a court must "accept 'the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the nonmovant.'" *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). On the other hand, "[m]ere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted). A court also need not accept a

pleader's "legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021).

Rule 12(b)(6) also permits dismissal when a claim is not cognizable under applicable law. *See, e.g.*, *Couzens v. Donohue*, 854 F.3d 508, 517 (8th Cir. 2017) (dismissal was appropriate where Missouri did not recognize a claim for false light invasion of privacy); *Thomas v. Bd. of Regents of Univ. of Nebraska*, No. 4:20CV3081, 2022 WL 1491102, at *18 (D. Neb. May 11, 2022) (agreeing with defendant that the plaintiffs had failed to state a claim, because a disparate-impact claim is not cognizable under the Equal Protection Clause); *Freeney v. Galvin*, No. 8:19CV557, 2020 WL 229996, at *2 (D. Neb. Jan. 15, 2020) (finding the plaintiff failed to state a § 1983 claim against the manager of his private place of employment because such a claim is not cognizable where a private person is not a state actor or engaged in joint action with the state or its agents). In such cases, the plaintiff failed to state a claim that was legally cognizable as opposed to factually plausible.

b. For *Pro Se* Litigants

Pleading standards are more liberal for pro-se plaintiffs. The Eighth Circuit has explained, "A pro se complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and 'pro se litigants are held to a lesser pleading standard than other parties[,]' *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir.2004). In addition, "it is the facts alleged in a complaint, and not the legal theories, that state a claim," and "federal courts must examine a complaint to determine if the allegations set forth a claim for relief." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citations omitted). Accordingly, courts must "decide whether [the *pro se* plaintiff] has pleaded sufficient

7

facts in his amended complaint to state a claim under any legal theory. If he has, his amended complaint should not [be] dismissed." *Id.*

## B. Discussion

### 1. *Plaintiff's Motion to Amend*

The Court notes that Plaintiff's Motion to Amend, Filing 11, was not filed within 21 days of Defendants' Motion to Dismiss, Filing 4. As such, Plaintiff cannot amend her Complaint as a matter of course under Rule 15(a)(1)(B), meaning Plaintiff needs the Court's leave under Rule 15(a)(2), which "should be freely given when justice so requires."

The Court also notes that Plaintiff's Motion to Amend does not comply with local rules, which provide:

> A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

NECivR 15.1(a). The local rules also provide, "In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading." NECivR 15.1(b). Plaintiff failed to comply because she did not include an amended complaint with her Motion to Amend but instead alleged additional facts in the Motion itself. Filing 11 at 2–4.

The Court could deny Plaintiff's Motion to Amend on the grounds that she failed to abide by NECivR 15.1(a). *Enervations, Inc.*, 380 F.3d at 1068 ("A district court rarely abuses its discretion in denying a motion to amend for failure to comply with [ ] a local rule."). However,

because of the leniency afforded to pro se litigants, as evidenced by NECivR 15.1(b) and Eighth Circuit precedent, *see Topchian*, 760 F.3d at 849, the Court determines that "justice so requires" that Plaintiff be permitted to amend her Complaint. There is no indication that Plaintiff's failure to follow NECivR 56.1 or to amend her complaint within the 21-day period as a matter of course was due to "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health*, 477 F.3d at 544. In addition, there is no indication that granting the motion would be "futile" because the amended complaint would "still fail[ ] to allege sufficient facts to support" a claim for relief. *Munro*, 899 F.3d at 591. As discussed below, although Plaintiff's Complaint, Filing 1, fails to state a claim for relief under 42 U.S.C. § 1983, Plaintiff seeks to amend her cause of action to state a Title VII claim, and the factual allegations in her Motion to Amend in conjunction with those in her Complaint may state a plausible claim upon which relief may be granted. Therefore, the Court grants Plaintiff's Motion to Amend, Filing 11, because "dismissal merely on the basis of failing to designate [the proper cause of action] would not be appropriate." *Kimbrough*, 2014 WL 941674, at *5.

    2. *Defendants' Motion to Dismiss*

The Court notes that Defendants are undoubtedly correct that the Complaint fails to state a claim for relief because "Plaintiff has not pleaded any facts to support the contention that the four Defendants have acted under the color of law; indeed, she left blank the pertinent section of the form complaint." Filing 5 at 1. However, as discussed above, the Court is granting Plaintiff's Motion to Amend, Filing 11, so Plaintiff will have an opportunity to remedy deficiencies in her Complaint. Specifically, as Plaintiff asserts in her Motion to Amend, Plaintiff intends to bring a claim under Title VII for sex/pregnancy discrimination and add additional facts to her complaint

that bear on Defendants' alleged discrimination. Filing 11 at 2–3. If Plaintiff amends her Complaint accordingly, there may be sufficient factual allegations to make out a plausible claim of sex/pregnancy discrimination under Title VII.

Title VII states, "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). Plaintiff plans to allege that Defendants "harass[ed] [ ] and discriminat[ed] against [Plaintiff] after notifying them that [Plaintiff] was actively trying to conceive . . . [by] requir[ing] [Plaintiff] to work with hazardous and teratogenic medications and refus[ing] to accommodate [Plaintiff]." Filing 11 at 8. This may suffice to state a plausible claim for relief under Title VII. *See Topchian*, 760 F.3d at 849 (stating that "it is the facts alleged in a complaint, and not the legal theories, that state a claim," and "federal courts must examine a complaint to determine if the allegations set forth a claim for relief"). However, it may be that Plaintiff's Amended Complaint, if she chooses to file one, would still be subject to dismissal for failing to state a claim for relief under Rule 12(b)(6). Therefore, Defendants' Motion to Dismiss, Filing 4, is denied without prejudice to reassertion if Plaintiff amends her Complaint.

### III. CONCLUSION

For these reasons, the Court grants Plaintiff's Motion to Amend and denies Defendants' Motion to Dismiss without prejudice. Accordingly,

IT IS ORDERED:

1. Defendant's Motion to Dismiss, Filing 4, is denied without prejudice to reassertion after Plaintiff amends her Complaint as provided in paragraph 2 of the Discussion ("Defendants' Motion to Dismiss") above;

2. Plaintiff's Motion to Amend, Filing 11, is granted. Plaintiff shall have up to and including 14 days to file an Amended Complaint as a single document that supersedes her prior pleadings and states all claims that she intends to assert against these Defendants with supporting facts.

Dated this 26th day of October, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge