IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEILA THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>CHILDREN'S HOSPITAL OMAHA,<br><br>Defendant. | 8:23CV177<br><br>MEMORANDUM AND ORDER |

This Matter is before the Court on Plaintiff's Final Motion for Leave to Amend Complaint (Filing No. 32).

As background, Plaintiff filed her original complaint on May 5, 2023. In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss based on Fed.R.Civ.P. 12(b)(6)(Filing No. 4). Rather than respond to the 12(b)(6) motion, Plaintiff filed her first Motion to Amend on September 29, 2023 (Filing No. 11). Based on these filings, the Court denied Defendants' Motion to Dismiss, and granted Plaintiff's First Motion to Amend (Filing No. 13). After Plaintiff filed her Amended Complaint, Defendants again filed a Motion to Dismiss based on Fed.R.Civ.P. 12(b)(6) (Filing No. 15). On February 2, 2024, the Court granted in part and denied in part Defendants' Motion to Dismiss (Filing No. 19). As a result of that order, Plaintiff had one surviving claim under Title VII for retaliation.

On February 16, 2024, Defendant filed its answer and affirmative defenses (Filing No. 20), after which the Court issued a Final Progression Order (Filing No. 25) and the parties began discovery. On April 26, 2024, Plaintiff filed the pending motion to amend her complaint a second time.

As an initial matter, Plaintiff failed to abide by the local rules in filing her Motion to Amend. Local Rule 15.1 states:

> (a) Form and Content. A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.
> (b) Pro Se Cases.  In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading. NECivR 15.1.

Plaintiff filed the Motion to Amend without clearly identifying its proposed amendments and without conferring with the opposing party. Based on this alone, "[a] district court rarely abuses its discretion in denying a motion to amend for failure to comply with [ ] a local rule." *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068 (8th Cir. 2004) (citation omitted). Courts are granted discretion to grant motions to amend, especially given the Plaintiff's *pro se* status. See *Kimbrough v. Woodbury Cnty. Jail*, No. 13-3002, 2014 WL 941674, at *5 (N.D. Iowa Mar. 11, 2014)("Given the fact that *pro se* complaints are to be liberally construed, no matter how inartfully they are pleaded, and the fact that Federal Rule of Civil Procedure 15(a)(2) allows a court to grant leave to amend complaints when justice so requires, I note that dismissal merely on the basis of failing to designate an entity or person that is subject to suit would not be

appropriate.")*Dees v. Vendel*, 996 F.2d 310 (10th Cir. 1993) (citing *Roman–Nose v. New Mexico Dept. of Human Services*, 967 F.2d 435, 438 (10th Cir. 1992)) ("[A] *pro se* plaintiff who fails to allege sufficient facts is to be given a reasonable opportunity to amend his complaint if justice so requires.")  While the Court is inclined to provide some deference to the Plaintiff based on her *pro se* status, this deference is not absolute. Plaintiff is still required to comply with the Local Rules, as is any other litigant. *See*, *e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (holding that pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.") The purpose of this local rule is to provide opposing parties and the Court a clear understanding of the changes the Plaintiff is seeking in an Amended Complaint. Failure to follow this rule leaves the Court to speculate as to what new claims, if any, she is seeking to add to the litigation or revive from previous rulings from the Court.

In addition to Plaintiff's failure to follow Local Rule 15.1, the Court concludes the motion should be denied as it would unduly delay the proceedings and her proposed amendments do not add any substantive value. *Cent. Valley Ag Coop. v. Anasazi Med. Payment Sols., Inc.*, 2018 WL 2056227, at 2 (D.Neb. Mar. 29, 2018)(noting leave may be denied "where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment"). In particular, the Court previously ruled that the retaliation claim was properly pled under Title VII and thus survived Defendant's second Motion to Dismiss, making any amendment at this late stage unnecessary (Filing No. 19). Plaintiff also

confirmed in her reply brief that the amendment is not intended to "introduce new legal theories but merely expand on the existing claims with additional facts." (Filing No. 37 at pg. 5). While Plaintiff seemingly asserts new claims for relief, including unlawful termination, violations of the American with Disabilities Act ("ADA"), and others, she concedes that any additional claims or causes of action are intended to be in relation to the retaliation claim. *Id.* at 6. Because the parties have already begun discovery on the surviving retaliation claim, the amendment Plaintiff is seeking would require the parties to start over with responsive pleadings and discovery, as well as potentially introduce additional dispositive motions to further delay proceedings. The Court has already ruled that the retaliation claim should move forward and therefore the amendment is unnecessary to aid in its prosecution of her claims. Because the Court finds another amended complaint would unduly delay these proceedings without adding substantive value, it will deny the motion. See *Ellingsworth v. Vermeer Mfg. Co., 949 F.3d 1097, 1100* (8th Cir. 2020).

IT IS ORDERED that Plaintiff's Final Motion to Amend Complaint (Filing No. 32), is denied.

Dated this 5th day of December, 2024.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge